UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-84-TAV-DCP |
| | ) | |
| KEVIN ALACX GUILLEN-CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter is before the Court on the Defendant's Motion to Substitute Counsel [Doc. 18], filed on December 27, 2019. Defendant asks the Court to reappoint the Federal Defender Services of Eastern Tennessee (FDS) to represent him in the remainder of this case.

The Defendant first appeared and was arraigned on August 28, 2019. At that time, the Court reviewed the Defendant's financial affidavit, found he qualified for appointed counsel, and appointed [Doc. 5] Assistant Federal Defender Mary Margaret Kincaid and FDS. On October 30, 2019, Attorney Andrew E. Farmer filed a motion [Doc. 16], stating that the Defendant retained him and asking to be substituted as counsel of record for Defendant Guillen-Castillo. The Court entered an Agreed Order [Doc. 17], signed by Ms. Kincaid and Mr. Farmer, substituting Mr. Farmer as the Defendant's attorney. Mr. Farmer now states that the Defendant has "lost confidence in his continued representation" and has asked for FDS to be reappointed [Doc. 18, p.1]. The motion relates that Mr. Farmer has spoken with FDS, which does not oppose reappointment. Ms. Kincaid confirmed with Chambers that she and FDS are willing to be reappointed in this case.

The Court observes that the Defendant has been continuously detained since his initial appearance in this case. Accordingly, the Court finds that the Defendant is still indigent and qualifies for court-appointed counsel. The Court also observes that while Defendant may retain counsel of his own choosing, he is not entitled to a specific appointed attorney. *See United States v. White,* 451 F.2d 1225, 1226 (6th Cir. 1971) (holding that a defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney"). However, in the instant case, Defendant asks to be reappointed counsel initially appointed by the Court before he retained counsel. Moreover, the Defendant's former appointed counsel Ms. Kincaid and FDS do not oppose the reappointment. Accordingly, the Court finds that under the particular circumstances of this case, reappointment of the Defendant's initial court-appointed counsel is appropriate.

The Defendant's motion [**Doc. 18**] requesting substitution of appointed counsel is **GRANTED**. The Court **SUBSTITUTES** and **REAPPOINTS** Assistant Federal Defender Mary Margaret Kincaid and FDS as the Defendant's counsel of record, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Farmer is **RELIEVED** of his representation of Defendant Guillen-Castillo and is **DIRECTED** to give all discovery and information from the Defendant's file to Ms. Kincaid as soon as possible. All dates and deadlines previously set in this case, including the February 4, 2020 trial date, shall remain the same at this time. Defendant Guillen-Castillo is cautioned that a defendant is not permitted to use a request for new counsel as a means to delay the proceedings. *See White*, 451 F.2d at 1226. In other words, the Court will be hesitant to substitute counsel again in this case, absent a showing of good cause.

In summary, the Court **ORDERS** as follows:

> (1) The Defendant's Motion to Substitute Counsel [**Doc. 18**] is **GRANTED**;

(2) Attorney Andrew E. Farmer is **RELIEVED** of his representation of Defendant Guillen-Castillo. Mr. Farmer is **DIRECTED** to provide the Defendant's file and the discovery provided by the Government to new counsel as expeditiously as possible; and

(3) Assistant Federal Defender Mary Margaret Kincaid and the Federal Defender Services of Eastern Tennessee are **SUBSTITUTED** and **REAPPOINTED** as the Defendant's counsel of record.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge